UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
CASE NO:

AFCO SHIPPING LINE, LLC,
A Florida Limited Liability Company,

    Plaintiff,

vs.

MS "DELPHINUS" R.S.T. SCHIFFAHRTSGES, MBH & CO. KG,
a German company, *in personam*, as owner of the M/S *DELPHINUS*,
a 121.81 meter cargo ship flagged in Antigua and Barbuda, IMO # 9137844

    Defendant.
_____/

## VERIFIED COMPLAINT FOR RULE B MARITIME ATTACHMENT

COMES NOW, Plaintiff, AFCO SHIPPING LINE, LLC, ("AFCO"), pursuant to Rule B of the Supplemental Admiralty and Maritime Rules, and files this, its Verified Complaint and sues MS "DELPHINUS" R.S.T. SCHIFFAHRTSGES, MBH & CO. KG, *in personam*, seeking attachment of the M/S *DELPHINUS*, her engines, tackle, rigging, dinghies, equipment, and appurtenances thereto, and as grounds thereof would allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for Rule B maritime attachment brought pursuant to 9 U.S.C. § 8[1] of the Federal Arbitration Act (as applies to 9 U.S.C. § 201, et seq., *The Convention on the Recognition and Enforcement of Foreign Arbitral Awards*), seeking security for an

---

[1] "If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award." Id.

arbitration between Plaintiff and Defendant which is required to take place in London, England.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 where the claim involves the breach of a charter party related to a cargo ship, which is cognizable in admiralty in both the United States, as well as pursuant to the maritime law of England. In addition, and/or alternatively, this Court has subject matter jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards

3. Plaintiff, AFCO SHIPPING LINES, LLC. is a Florida Limited Liability Company whose principal address is 1501 NW 12th Avenue, Pompano Beach, FL 33069.

4. Defendant MS "DELPHINUS" R.S.T. SCHIFFAHRTSGES, MBH & CO. KG, is a foreign business entity who upon information and belief has a principal place of business in Hamburg, Germany.

5. The M/S *DELPHINUS* is a 1997 121.81 meter cargo ship flagged in Antigua and Barbuda, whose port of registry is St. Johns, whose call sign is V2PD6 and whose IMO# is 9137844. The M/S *DELPHINUS* is owned by Defendant MS DELPHINUS R.S.T. SCHIFFAHRTSGES, MBH & CO. KG.

6. The M/S *DELPHINUS* will be within the Southern District of Florida on or about Tuesday, April 19, 2016, and upon information and belief will be located at the Pilot Station outside of Port Everglades, Fort Lauderdale, Florida.

7. Pursuant to the Declaration of Adam B. Cooke, attached hereto as **EXHIBIT "A,"** to declarant's knowledge, and upon information and belief, MS "DELPHINUS" R.S.T. SCHIFFAHRTSGES, MBH & CO. KG cannot be found within the Southern District of Florida, as contemplated by Rule B of the Supplemental Rules for Admiralty and

Maritime Claims, and more specifically has no representative, agent or office located with the jurisdiction of the United States District Court for the Southern District of Florida to accept service of a summons and complaint.

8. Venue is proper as the Vessel is or will be located within the District.

## ALLEGATIONS

9. AFCO re-alleges and re-avers the allegations contained in paragraphs 1 – 8 as if fully set forth herein.

10. AFCO and MS "DELPHINUS" R.S.T. SCHIFFAHRTSGES, MBH & CO. KG entered into a Time Charter on September 17, 2015 for the M/V *DELPHINUS*. A true and correct copy of the Time Charter with Rider is attached hereto as **EXHIBIT "B."**

11. The M/S *DELPHINUS* was time chartered by AFCO to make weekly trips carrying produce from Guatemala to Port Everglades, Fort Lauderdale, Florida.

12. On or about February 20, 2016, *en route* from Port Santo Tomas, Guatemala to Fort Lauderdale, Florida, the M/S *DELPHINUS* suffered an engine failure. The M/S *DELPHNUS* was towed to Port Everglades (which caused considerable delay) but was ultimately able to discharge it cargo on March 1, 2016.

13. Subsequently, the engine was repaired and the Vessel departed on Sunday, March 20, 2016 for a return trip to Guatemala carrying empty reefers to pick up the next shipment of produce, and also carrying some other freight on behalf of AFCO.

14. Shortly after departure, the Vessel was reported to have experienced turbo charger problems which caused the Vessel to only be able to make half-speed. As a result of the slower travel rate, the M/S *DELPHINUS* was again delayed, and also lost its scheduled berth in Port Santo Tomas, Guatemala.

15. Based on the delays and break-downs referenced above, AFCO was unable to meet its contractual obligations to pick up produce (including watermelons, honeydew and cantaloupe) in Guatemala from Ayco Farms Guatemala, Sociedad Anónima. Thereafter, the produce spoiled causing losses of $771,830.55. See Documents attached hereto as composite **EXHIBIT "C."** Ayco Farms Guatemala, Sociedad Anónima has made a demand upon AFCO to compensate it for the $771,830.55 in lost produce. A copy of the demand letter is attached as **EXHIBIT "D."**

16. Additionally, by reason of the Defendant's: 1) failure to ensure that the Vessel was: "on delivery tight, staunch, strong and in every way fitted for ordinary liner cargo service", 2) failure to keep the Vessel "in a thoroughly efficient state in hull, machinery and equipment for and during the service", and, 3) failure to exercise due diligence to make the Vessel seaworthy before and at the beginning of the most recent voyage and various prior voyages, AFCO have suffered loss and damages (separate and apart from the above-referenced produce) in the amount of $687,512.99. AFCO's loss and damages include (but without restricting the foregoing) amounts owed to AFCO by the Defendant by way of off-hire pursuant to the terms of the Charterparty.

17. The Time Charter provides in relevant part as follows:

BIMCO DISPUTE RESOLUITION CLAUSE 2015

ENGLISH LAW, LONDON ARBITRATION

(A) THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON IN ACCORDANCE WITH THE ARBITRATION ACT OF 1996 OR ANY STATUTORY MODIFICATION OR RE-ENACTMENT THEREOF SAVE TO THE EXTENT NECESSARY TO GIVE EFFECT TO THE PROVISIONS OF THIS CLAUSE.

THE ARBITRATTION SHALL BE CONDUCTED IN ACCORDANCE WITH THE LONDON MARITIME ARBITRATORS ASSOCIATION (LMAA) TERMS CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.

\*\*\*

See EXHIBIT "B."

18. AFCO has demanded arbitration in London pursuant to the terms of the Time Charter.

WHEREFORE, AFCO prays that this Court enter an Order authorizing the attachment of the M/S DELPHINUS, her engines, tackle, rigging, dinghies, equipment, and appurtenances thereto, as security for the arbitration claims to be made in London in the amount of $1,459,343.54, and for such other relief as the Court deems appropriate.

## VERIFICATION

This 21th day of April, 2016, Avi Nir, being duly sworn deposes and states that:

1. I am an individual above the age of majority and I am a resident of Broward County, Florida and authorized to act on behalf of AFCO SHIPPING LINE, LLC. I am the managing member of AFCO SHIPPING LINE, LLC.

2. I have read the foregoing Verified Complaint and know the contents thereof; and;

3. I believe the matters to be true based on documents and information that is personally known to me, which I have reviewed and I have obtained from representatives of AFCO SHIPPING LINE, LLC and through its agents, and attorneys.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 4/21/2016
State of Florida
County of Broward

Respectfully submitted,

By: _____
AVI NIR as managing member of
AFCO SHIPPING LINE, LLC

Dated: April 21, 2016    Respectfully submitted,

By: __/s Adam B. Cooke_____
Robert D. McIntosh (FBN: 115490)
Email: rdm@mcintoshschwartz.com
Adam B. Cooke (FBN: (0634182)
Email: acooke@mcintoshschwartz.com
**McINTOSH SCHWARTZ, P.L.**
888 S.E. 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33316-1159
Phone: (954) 660-9888
Fax: (954) 760-9531
*Attorneys for Plaintiff*

{RDM/012368.0001/L4434117_1}